# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD COLBY KEY,<br>TDCJ # 1563278,<br><br>Plaintiff<br><br>v.<br><br>WARDEN BALLI,<br>OFFICER PACHECO,<br>OFFICER PALICOUS,<br>OFFICER BARKER,<br><br>Defendants | § § § § § § § § § § § § § § | Civil Action<br>No. SA-09-CA-1011-FB |

## SHOW CAUSE ORDER

Before the Court is Plaintiff Richard Colby Key's 42 U.S.C. § 1983 civil rights complaint. Plaintiff, an inmate at the Dominguez state jail facility, alleges Officer Pacheco and Officer Palicous threatened and attempted to manipulate other inmates into harming Plaintiff. Plaintiff asserts the officers threatened violence. Plaintiff further contends Warden Balli covered up for the officers and did not see the possibility that the officers acted improperly. Plaintiff contends Officer Barker, apparently in bringing a disciplinary against Plaintiff, lied about whether Plaintiff refused to clean. For relief, Plaintiff asks to be released from the remainder of his sentence.

Title 28 U.S.C. § 1915(e)(2)(B)(I)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*

*Gibson*, 355 U.S. 41, 45-6 (1957). For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a civil rights complaint must allege an injury. *See O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974).

*Plaintiff's claims in his § 1983 Complaint are frivolous or fail to state a claim and therefore are subject to dismissal for the following reasons:*

1. Plaintiff's sole request for relief is to be released from custody. In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court held that where a person seeks release from confinement, the sole remedy is through a writ of habeas corpus. However, release from confinement in the state jail facility would not be a proper remedy for Plaintiff's claims.

2. Plaintiff's claims are conclusory. Plaintiff merely claims Defendants Pacheco and Palicous threatened violence and attempted to manipulate other inmates into harming Plaintiff. Plaintiff does not allege what in particular Defendants Pacheco and Palicous did. Additionally, Plaintiff does not allege the date or dates on which anything regarding his claims occurred.

Although not in the complaint, a grievance attached to the complaint states Defendant Pacheco was pointing at Plaintiff and laughing with the SSI's. Plaintiff does not state what he means by "SSI's." Then, the SSI's were looking at Plaintiff with a "tuff look," trying to intimidate him. Plaintiff does not explain any facts on which he relies to claim Defendant Pacheco or Defendant Palicous attempted to have inmates harm Plaintiff. Plaintiff does not assert he was attacked by any inmate, and he does not assert what Defendants said to any inmates, other than pointing at Plaintiff and laughing. Plaintiff does not allege how he was injured by any actions of Defendants Pacheco or Palicous.

3. Plaintiff's complaint about threats made by Defendant Pacheco and Palicous fail to state a claim. Mere threats are not a basis for a § 1983 claim. *Siglar v. Hightower*, 112 F. 3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 147 (5th Cir. 1983). Additionally, Plaintiff does not allege how he was injured by any such threats.

4. In a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691.

Plaintiff does not allege what factual role Defendant played in the alleged denial of constitutional rights. Plaintiff states Defendant Balli did not accept the possible guilt of the officers and that he allowed malfeasance. Plaintiff appears to claim Defendant Balli signed denials of grievances, but the grievances and responses attached to the complaint show the grievances were denied by officials other than Defendant Balli. To the extent Plaintiff may be complaining of the

denial of grievances, a prisoner "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction . . . and any alleged due process violation arising from the alleged failure to investigate [a prisoner's] grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Also, Plaintiff does not allege how he was injured by any actions of Defendant Balli.

5. Plaintiff contends Defendant Barker lied about a disciplinary case. A federal court does not sit to review de novo evidence supporting prison disciplinary action, but only to redress due process violations. *Banuelos v. McFarland*, 41 F. 3d 232, 234 (5th Cir. 1995). Plaintiff fails to allege a due process violation in connection with the disciplinary proceedings, and therefore fails to allege a constitutional violation as a basis for civil rights relief. Additionally, a claim of malicious prosecution by itswelf fails to state a federal constitutional claim. *Williams v. Dretke*, 306 Fed. Appx. 164 (5th Cir. 2009), citing *Castellano v. Fragozo*, 352 F.3d 939, 953-54 (5th Cir. 2003).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a § 1983 claim about unconstitutional confinement does not accrue until the basis of that confinement has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the Supreme Court held "[a prisoner's] claim for declaratory relief and money damages, based on [alleged due process violations in the course of a prison disciplinary hearing] that necessarily imply

the invalidity of the punishment imposed, is not cognizable under § 1983." *See also Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499 (1973) (an inmate may not recover good-time credits lost in a prison disciplinary proceeding through a § 1983 action).

Plaintiff does not allege what punishment was imposed as a result of the disciplinary proceeding. Thus, depending on the circumstances of Plaintiff's disciplinary case and his punishment, a civil rights action that necessarily implies the invalidity of the punishment imposed in a disciplinary case against Plaintiff may be barred by *Edwards v. Balisok* if such punishment has not been set aside previously. Also, if Plaintiff did not lose a protected liberty interest, typically the loss of good time, there is no predicate for a civil rights due process claim. *See Sandin v. Conner*, 515 U.S. 472, 483-87 (1995).

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible. *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). **Therefore, Plaintiff shall show cause within twenty (20) days why this Court should not dismiss his claims as frivolous and for failure to state a claim, as explained in this Order, by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies or explaining why his claims should not be dismissed.** If Plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**SIGNED on January 20, 2010.**

_____
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**